CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

AUG 02 2016

JULIA C. DUDLEY, CLERK
BY: H McDonald
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 4:01cr30083-5 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JAMES J. SAUNDERS, JR., | ) | By: Jackson L. Kiser |
|     Petitioner. | ) | Senior United States District Judge |

Petitioner James J. Saunders, Jr., a federal inmate, filed a motion and an amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, challenging his 12-month sentence imposed following a supervised release violation.[1] Saunders claims that he received ineffective assistance of counsel and has suffered a due process violation because his term of supervised release was in excess of that allowed by law. I appointed counsel, who filed an additional brief on Saunders' behalf. The government filed a motion to dismiss, and counsel responded, making this matter ripe for disposition. I conclude that Saunders' claims for ineffective assistance of counsel and due process violations are without merit, and I grant the government's motion to dismiss.

I.

On May 16, 2002, Saunders pleaded guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute cocaine base, cocaine, methamphetamine, and marijuana, in violation of 21 U.S.C. 846(a) ("Count One"), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. 922(g) ("Count Six"). He was sentenced to 240 months' imprisonment — which was later reduced to 100 months following a motion for substantial assistance by the government — and ten years' supervised release. As part of his plea agreement he recognized that he was subject to enhanced penalties based on a prior 1997

---

[1] I will consider Saunders' amended motion (ECF No. 191). See Fed. R. Civ. P. 15(a)(2) (noting that courts "should freely give leave [to amend] when justice so requires").

North Carolina conviction for possession with intent to sell or distribute cocaine, and maintaining a vehicle to keep or sell controlled substances. (PSR ¶ 7, ECF No. 207.) This enhanced punishment increased the mandatory minimum sentence that he faced on Count One from ten to twenty years' incarceration, and increased the mandatory minimum term of supervised release from five to ten years. See 21 U.S.C. § 841(b)(1)(a). The enhancement did not affect the statutory maximums that he faced because either with or without the enhancement, the statutory maximums for both incarceration and supervised release are life.

Saunders served his term of incarceration and began supervised release on January 3, 2009.[2] On March 5, 2014 — five years and two months into his ten-year supervised release term — Saunders was arrested in North Carolina for conspiracy to distribute cocaine hydrochloride. He pleaded guilty in the United States District Court for the Middle District of North Carolina and was sentenced to 42 months' imprisonment and three years' supervised release.

This court held a supervised release revocation hearing following Saunders' arrest in North Carolina. He was represented by counsel. A United States probation officer testified at the hearing. He noted that Saunders had violated his supervised release by being convicted of new felonious conduct. (Rev. Hr'g Tr. at 5, ECF No. 197). Counsel for Saunders cross-examined the probation officer and asked whether he remembered that Saunders' sentence was enhanced pursuant to § 851 for having a prior felony drug conviction. The officer could not recall. Counsel further questioned the probation officer as to whether he was aware that Saunders' criminal history had been a Category I at the time that he was originally sentenced and that the Fourth Circuit opinion in United States v. Simmons, 649 f.3d 237 (2011), decided after

---

[2] The petition for warrant or summons for offender under supervision lists January 3, 2009, as the date supervision began. Supervision may have begun, however, on February 1, 2009, based on testimony at the revocation hearing. However, in either case, Saunders was arrested after being on supervised release for more than five years.

2

he was sentenced, "would have made [the § 851] enhancement inappropriate." (Id. at 7.) Again, the probation officer stated that he was unaware. Ultimately, however, defense counsel did not contest the supervised release violation. Saunders addressed me and admitted his guilt but also noted that after Simmons, his prior state court conviction would no longer support a § 851 enhancement. (Id. at 11.)

Saunders faced a guideline range of 24 to 30 months for the supervised release violation, under United States Sentencing Guideline ("U.S.S.G.") § 7B1.4(a). I revoked Saunders' term of supervised release but decided to sentence Saunders below the guideline range to 12 months' incarceration. (Id. at 13.) Saunders did not appeal his underlying federal conviction or his supervised release revocation sentence.

In this § 2255 motion, Saunders alleges (1) that counsel provided ineffective assistance at his supervised release revocation hearing by failing to challenge his underlying term of supervised release, and (2) that he suffered a due process violation because the 12-month sentence imposed for violating the terms of his supervised release was excessive.

## II.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such a sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Saunders bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Jacobs v. United States, 350 F.2d 571, 574 (4th Cir. 1965).

A. Ineffective Assistance of Counsel

3

Defendants in criminal proceedings have a Sixth Amendment right to "reasonably effective" legal assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984). However, the Sixth Amendment does not apply in a supervised release hearing because it is not a stage of a criminal proceeding. United States v. Kelley, 446 F.3d 688, 690 (7th Cir. 2006) (noting that "revocation hearings are not 'criminal prosecutions' for the purposes of the Sixth Amendment, so the 'full panoply of rights due a defendant in such a proceeding does not apply'") (quoting Morrissey v. Brewer, 408 U.S. 471, 480 (1972)). Accordingly, a defendant is not constitutionally entitled to the Sixth Amendment's guarantee of effective assistance of counsel in proceedings on revocation of supervised release. See United States v. Pelensky, 129 F.3d 63, 68 n. 8 (2d Cir.1997) ("Among the fundamental constitutional protections that do not apply in the context of supervised release revocation proceedings [is] the right to counsel."). However, even assuming that Saunders enjoyed some analogous right to counsel under the due process clause of the Fifth Amendment, his claims lack merit.

In order to establish that counsel's assistance was not reasonably effective, a defendant must satisfy a two-prong analysis showing both that counsel's performance fell below an objective standard of reasonableness and establishing prejudice due to counsel's alleged deficient performance. Id. When considering the reasonableness prong of Strickland, courts apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also Gray v. Branker, 529 F.3d 220, 228-29 (4th Cir. 2008). Counsel's performance is judged "on the facts of the particular case," and assessed "from counsel's perspective at the time." Strickland, 466 U.S. at 689.

To satisfy the prejudice prong of Stickland, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding

4

would have been different. Id. at 694. A defendant who has pleaded guilty must demonstrate that, but for counsel's alleged error, there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

Saunders argues that counsel provided ineffective assistance at his plea revocation hearing by failing to challenge his underlying term of supervised release. In the underlying criminal matter, Saunders was sentenced to 100 months' incarceration and ten years' supervised release. His sentence was originally enhanced, pursuant to § 851, because he had a prior conviction for a "felony drug offense." (PSR ¶ 54, ECF No. 207). The statute defines a "felony drug offense" as a drug-related conviction "punishable by imprisonment for more than one year." 21 U.S.C. § 802(44). Prior to 2011, when Saunders was sentenced, the Fourth Circuit classified a prior drug conviction as a felony if a hypothetical person with aggravating circumstances and the worst possible criminal history could have received a sentence of more than one year. United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005). However, after its decision in Simmons, the Fourth Circuit changed course and determined that a prior drug conviction qualifies only if the individual defendant had been exposed to a sentence of imprisonment in excess of one year. 649 F.3d at 249. Saunders' state court drug conviction was not an offense for which he could have received a sentence of more than one year. With his prior record level, the maximum term that he could have received was eight months. (State Judgment 1, ECF No. 199-2.) Accordingly, Saunders argues that the § 851 enhancement, which increased the mandatory minimum sentence that he faced from ten to twenty years' incarceration and the mandatory minimum supervised release term from five to ten years, was applied in error. 21 U.S.C. § 841(b). Saunders suggests

5

that when he was arrested most recently on March 5, 2014, he should not have been on supervised release, as he had already served a term of supervised release of five years, and his counsel should have argued such at his revocation hearing.

It is true that after Simmons, Saunders' prior drug conviction no longer qualifies as a "felony drug offense" for § 851 enhancement purposes. Nonetheless, his argument fails because "[i]t is by now well-established that a defendant may not use the appeal of a revocation of supervised release to challenge an underlying conviction or original sentence." United States v. Willis, 563 F.3d 168, 170 (5th Cir. 2009); see also United States v. Neal, 458 F. App'x 246, 248 (4th Cir. 2011) (unpublished) ("Of course, 'the validity of an underlying conviction or sentence may not be collaterally attacked in a supervised release revocation proceeding and may be challenged only on direct appeal or through a habeas corpus proceeding.'" (citing United States v. Warren, 335 F.3d 76, 78 (2d Cir. 2003))). A defendant on supervised release is considered to be "in custody" for purposes of a § 2255 motion. United States v. Pregent, 190 F.3d 279, 283 (4th Cir. 1999). Therefore, if Saunders wished to challenge his term of supervised release following Simmons, he needed to file a § 2255 motion with regard to his original federal conviction. Because I could not have invalidated Saunders' underlying criminal sentence at his supervised release revocation hearing, his counsel did not provide ineffective assistance for failing to raise the issue. See Sharpe v. Bell, 593 F.3d 372, 383 (4th Cir. 2010); see also United States v. Kilmer, 167 F.3d 889, 893 (5th Cir. 1999) (noting that "[a]n attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue").

6

Moreover, Saunders' argument fails even if it had been brought in a § 2255 petition on the underlying conviction and sentence. The § 851 enhancement did not affect Saunders' maximum sentence or maximum term of supervised release. With or without the enhancement, he faced a maximum sentence of life imprisonment and an undesignated maximum term of supervised release, which allows for a life term. See United States v. Turner, 389 F.3d 111, 120 (4th Cir. 2004) (noting the "sensible rule of statutory construction whereby the absence of a specified maximum simply means that the maximum is life imprisonment"); see also United States v. Gibbs, 58 F.3d 36, 37-38 (2d Cir. 1995) (noting that when a statute provides no maximum term of supervised release, "the statutory maximum term of supervision release is a life term").

A sentence, such as Saunders', which "falls within the unenhanced statutory maximum, cannot obtain § 2255 relief." United States v. Powell, 691 F.3d 554, 563 (4th Cir. 2012). Accordingly, Saunders cannot establish that counsel provided ineffective assistance by failing to argue for relief which the court could not grant. Strickland, 466 U.S. at 687.

B. Due Process Violation

Saunders also argues that he is entitled to § 2255 relief because his sentence was "excessive or otherwise subject to collateral attack." (§ 2255 Mot. at 3, ECF No. 199.) However, Saunders cannot establish that the 12-month sentence he received for violating his term of supervised release was in error. He was on supervised release when he was arrested, most recently, in North Carolina on March 5, 2014. And as explained above, the prison sentence and term of supervised release that Saunders received for his underlying criminal conviction were not in excess of the maximum authorized by law, which was life. Powell, 691 F.3d at 563. Accordingly, he cannot show that he received a prison sentence or term of supervised release "in

7

excess of the maximum authorized by law, or [that] is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

## IV.

For the reasons stated, I grant the government's motion to dismiss and dismiss the motion to vacate, set aside, or correct sentence. Based upon my finding that Saunders has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

**ENTER:** This 2nd day of August, 2016.

*Jackson L. Kiser*
Senior United States District Judge